## Jones v. Clerk Of Oldham Circuit Court et al.

May 9, 1950.

Oldham Clark, Special Judge.

Tom Jones, appellant, pro se.

A. E. Funk, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

JUDGE KNIGHT—Affirming.

This is an appeal from the judgment of the Oldham Circuit Court denying appellant a discharge from the penitentiary on a writ of habeas corpus. The basis of the complaint and the ground upon which discharge is sought is that appellant was indicted in the Campbell Circuit court, February term, 1947, for the violation of KRS 433.150, which is the armed robbery statute, but that he was found guilty under KRS 435.260, which he says is a "blackmail" statute, and was given 10 years in the penitentiary. He states in his petition that he has served three years of this sentence and that his imprisonment "is in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States."

The record in the case does not contain the complete record of the Campbell Circuit Court in the original case but it does contain a photostatic copy of Instruction No. 2, which is an instruction substantially in the language of KRS 435.260, and is in substance that if the jury found from the evidence that the defendant by violence or threat of violence demanded money or property of value from his victim under circumstances not constituting robbery, then the jury should find the defendant guilty of demanding a thing of value by menace or threat of violence and fix his punishment in the penitentiary at not less than one nor more than fifteen years. Although not shown in the record before us, it is quite evident that Instruction No. 1 was an instruction under the armed robbery statute under which he was indicted, KRS 433.-150, and then Instruction No. 2 was given to cover a lesser degree of the same offense as embraced in KRS 435.260. Clearly this was the correct procedure and the trial court would have erred had it not followed it when justified by the proof. This was clearly to the advantage of appellant since he was convicted of a lesser offense than the one of which he might have been convicted. He

820

therefore had no cause for complaint. If he thought himself prejudiced by the action of the court in instructing the jury under both sections, the remedy was by appeal in the original case. The record does not show that any appeal was taken from the original judgment. The lower court in the present case, therefore, did not err in denying release on the habeas corpus as prayed.

Wherefore the judgment is affirmed.